NO. 07-00-0529-CV



IN THE COURT OF APPEALS


 

FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



NOVEMBER 28, 2001



______________________________




SHAWNA LYN BORTH, APPELLANT



V.



JAMES WHITTENBURG WALKER, JR. M.D.; EARLY B. LOKEY, M.D.;



AND LISA E. VEGGEBERG, M.D., APPELLEES




_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 87,371-E; HONORABLE ABE LOPEZ, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Proceeding pro se, appellant Shawna Lyn Borth presents eight issues by which she
challenges two separate orders dated October 5, 2000, granting two motions for summary
judgment that she take nothing on her action against appellees James Whittenburg
Walker, Jr., M.D., Early B. Lokey, M.D., and Lisa E. Veggeberg, M.D. (doctors). (1) Based
on the rationale expressed herein, we affirm.

 In April 1994, Borth was treated by Walker at the J.O. Wyatt Clinic which provides
care for indigent patients. At all relevant times during Borth's treatment, Lokey was the
Indigent Care Coordinator for the Clinic. Borth continued to receive treatment and in
October 1997, she requested that Walker refer her to an allergist. Walker prescribed
nasal spray and informed Borth he would not grant the referral until she tried the spray. 
She was not pleased and asked Lokey to place her under the care of another physician. 
Her request was denied and she then asked Veggeberg, a pediatrician acting in an
administrative capacity as Medical Director, for assistance. Veggeberg responded by
denying Borth's request for a referral on December 4, 1997. On January 14, 2000, Borth
sent a letter to each doctor stating her intent to file a healthcare liability claim, which was
followed by her petition filed on March 23, 2000, alleging various grounds of negligence
against Walker and Lokey and alleging negligence for failure to give a referral on
December 4, 1997, against Veggeberg. Borth subsequently stated in her deposition that
the alleged wrongdoing by Walker and Lokey occurred on or before December 17, 1997. 

 In response to Borth's claims, the doctors answered contending (1) the absence of
a physician/patient relationship and (2) that her claims were barred by the two-year statute
of limitations per section 10.01 of the Medical Liability Insurance Improvement Act, Tex.
Rev. Civ. Stat. Ann. art. 4590i (Vernon Supp. 2002), which defenses were raised by the
doctors as grounds for their traditional motions for summary judgment pursuant to Rule
166a(b) of the Texas Rules of Civil Procedure. Before we consider Borth's issues, we first
set forth the appropriate standard of review.

STANDARD OF REVIEW

 In reviewing a summary judgment, this Court must apply the standards established
in Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985):

 1. The movant for summary judgment has the burden of showing that there
is no genuine issue of material fact and that it is entitled to judgment as a
matter of law.


 2. In deciding whether there is a disputed material fact issue precluding
summary judgment, evidence favorable to the non-movant will be taken as
true.


 3. Every reasonable inference must be indulged in favor of the non-movant
and any doubts resolved in its favor.


 

For a party to prevail on a motion for summary judgment, he must conclusively establish
the absence of any genuine question of material fact and that he is entitled to judgment
as a matter of law. Tex. R. Civ. P. 166a(c). A movant must either prove all essential
elements of his claim, MMP, Ltd. v. Jones, 710 S.W.2d 59 (Tex. 1986), or negate at least
one essential element of the non-movant's cause of action. Randall's Food Markets, Inc.
v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). Once the movant has established a right
to summary judgment, the non-movant has the burden to respond to the motion for
summary judgment and present to the trial court any issues that would preclude summary
judgment. City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678 (Tex.
1979); Barbouti v. Hearst Corp., 927 S.W.2d 37, 64 (Tex.App.--Houston [1st Dist.] 1996,
writ denied). When a summary judgment does not specify or state the grounds relied on,
the summary judgment will be affirmed on appeal if any of the grounds presented in the
motion are meritorious. Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989); Insurance Co.
of N. Am. v. Security Ins., 790 S.W.2d 407, 410 (Tex.App.--Houston [1st Dist.] 1990, no
writ). Issues which the non-movant contends preclude the granting of a summary judgment
must be expressly presented to the trial court by written answer or other written response
to the motion and not by mere reference to summary judgment evidence. McConnell v.
Southside School Dist., 858 S.W.2d 337, 341 (Tex. 1993). Issues not expressly presented
to the trial court in writing shall not be considered on appeal as grounds for reversal. Tex.
R. Civ. P. 166a(c). Further, all theories in support of or in opposition to a motion for
summary judgment must be presented in writing to the trial court. Casso v. Brand, 776
S.W.2d 551, 553 (Tex. 1989). Additionally, pleadings do not constitute summary judgment
proof. Clear Creek Basin Authority, 589 S.W.2d at 678. 

 Borth does not present a general issue complaining that the trial court erred in
granting summary judgment which would have allowed her to raise all possible grounds
upon which summary judgment should have been denied. See Malooly Brothers, Inc. v.
Napier, 461 S.W.2d 119, 121 (Tex. 1970). Instead, she presents eight issues which do
not state concisely any contentions and in her brief she does not clearly and concisely
argue her issues. See Tex. R. App. P. 38.1(e) and (h). All of the issues state conclusions
without addressing any specific error. However, because we are required to review briefs
liberally, Tex. R. App. P. 38.9, we will consider the statute of limitations issue presented
in Borth's fifth issue. She contends:

 [a]uthorities and arguments presented in Plaintiff's Response to Defendants'
Motions for Summary Judgment in order to prevent Defendants' (sic) from
hiding behind the two-Year Statute of Limitations.


Borth contended that the doctors were negligent for failing to grant a referral on two dates
in December 1997. (2) On January 14, 2000, Borth sent by certified mail, return receipt
requested, a handwritten letter to each doctor stating that she intended to assert a
healthcare liability claim against each of them. She attached a copy of each letter to her
response to the doctors' motions for summary judgment, but the letters stating that she
intended to assert healthcare liability claims were not supported by proper affidavit and
were not in a form admissible at trial and, therefore, were not summary judgment evidence. 
See Tex. R. Civ. P. 166a(c); Trunkhill Capital, Inc. v. Jansma, 905 S.W.2d 464, 469 (Tex.
App.--Waco 1995, writ denied). 

 Moreover, under section 10.01 of the Act, a healthcare liability claim must be filed
within two years. Section 4.01(c) of the Act provides that the limitations period can be
tolled for 75 days following written notice to the party against whom recovery is sought as
required by section 4.01(a). Borth admitted in her deposition that Walker and Lokey
committed no wrongful acts after December 1997. Also, in her petition, Borth alleged that
Veggeberg's negligent failure to refer her to a specialist resulted in injury on December 4,
1997.

 The two-year statute of limitations begins to run from the date medical treatment is
completed. Kimball v. Brothers, 741 S.W.2d 370, 372 (Tex. 1987). When the date of the
tort is ascertainable, limitations begins to run on that date. Id. Because Borth complains
that the alleged wrongdoing occurred in December 1997, the maximum limitations period
would be 75 days after the December 1999 deadlines. Borth's failure to timely give notice
before this date precluded her from claiming the additional 75-day tolling period. Notice
given to extend filing for 75 days in accordance with section 4.01(a) must be given before
limitations runs in order to extend the deadlines. Jennings v. Burgess, 917 S.W.2d 790,
793 (Tex. 1996). Borth's complaints against all three doctors alleged torts occurring in
December 1997. At the latest, the two-year statute of limitations expired on December 4,
1999, as to Veggeberg, and on December 17, 1999, as to Lokey and Walker. The
additional dates that Borth alleged treatment occurred are immaterial because the statute
began to run when the alleged tort occurred. Kimball, 741 S.W.2d at 372. Thus, when
Borth filed her petition on March 23, 2000, the two-year statute of limitations had already
expired. Borth's fifth issue is overruled. Pursuant to Carr, 776 S.W.2d at 569, because
the summary judgments did not specify the grounds relied on, both can be affirmed on the
statute of limitations ground. Thus, we need not address Borth's remaining contentions.

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice


Do not publish.


1. Multiple orders that, when taken together, dispose of all parties and claims can
constitute a final judgment. See generally Mafrige v. Ross, 866 S.W.2d 590 (Tex. 1993),
overruled in part, Lehmann v. Har-Con Corp., 39 S.W.3d 191, 204 (Tex. 2001) (overruling
Mafrige to the extent that it held that the inclusion of Mother Hubbard language in a
summary judgment made it final for purposes of appeal).
2. According to Borth's deposition, the date of alleged wrongdoing by Doctors Lockey
and Walker is December 17, 1997. Additionally, Borth's petition referenced December 4,
1997 as the date of wrongdoing by Doctor Veggeberg.


 conduct a hearing or rule on a properly pending
motion. See Eli Lilly and Co. v. Marshall, 829 S.W.2d 157, 158 (Tex. 1992). A trial court,
however, has a reasonable time to perform such a duty. In re Blakeney, 254 S.W.3d 659,
661 (Tex.App.–Texarkana 2008, orig. proceeding); Ex parte Bates, 65 S.W.3d 133, 135
(Tex.App.–Amarillo 2001, orig. proceeding). At this stage of the proceedings in the trial
court a hearing and ruling would not be expected since the motion to dismiss was served
on March 18 and the petition filed in this court on March 19. See Tex. R. Civ. P. 21 (a
motion and notice of hearing “shall be served upon all other parties not less than three
days before the time specified for the hearing unless otherwise provided by these rules or
shortened by the court”). Relators have not shown a clear abuse of discretion in the trial
court’s failure to rule on a motion so recently filed. Cf. In re Gonzales, No. 07-06-0324-CV,
2006 WL 2588696, at *1, 2006 Tex. App. Lexis 8057, at *3, (Tex.App.–Amarillo Sept. 6,
2006, orig. proceeding) (mem. op.) (pendency of motion for three months not unreasonable
delay).
          But relators do not merely ask us to direct the trial court to rule; they ask that we
direct its ruling. We have repeatedly held that we may not direct a trial court’s decision on
a matter on which it has not ruled. See, e.g., In re Minnfee, No. 07-09-0005-CV, 2009 WL
127851, at *1, 2009 Tex. App. Lexis 332, at *1-2 (Tex.App.–Amarillo Jan. 16, 2009, orig.
proceeding) (per curiam); In re Rey, No. 07-02-0104-CV, 2002 WL 350473, at *1, 2002
Tex. App. Lexis 1673, at *1-2 (Tex.App.–Amarillo Mar. 6, 2002, orig. proceeding) (per
curiam) (not designated for publication). Accord In re Blakeney, 254 S.W.3d at 661; In re
Castle Tex. Prod. Ltd. P’ship, 189 S.W.3d 400, 403 (Tex.App.–Tyler 2006, orig.
proceeding); In re Ramirez, 994 S.W.2d 682, 684 (Tex.App.–San Antonio 1998, orig.
proceeding). That holding is applicable to relator’s request. 
Conclusion
          Finding relators have not demonstrated the trial court has committed an abuse of
its discretion or failed in performance of a ministerial duty, we need not consider whether
they have shown they have no adequate remedy by appeal. Accordingly, relators’ petition
for writ of mandamus is denied.
                                                                           James T. Campbell

                                                                                    Justice