Frank D. KIMBALL, Petitioner,

v.

Joe F. BROTHERS, M.D.; Respondent.

No. C–5569.

Supreme Court of Texas.

Dec. 9, 1987.

Rehearing Denied Jan. 20, 1988.

John W. Donovan, Gano & Donovan, Houston, for petitioner.

James E. Wren, Susan Kelley–Claybrook, Haley, Davis Wren, Bristow & Rasner, Waco, for respondent.

SPEARS, Justice.

This case involves construction of the statute of limitations in medical malpractice actions. Petitioner Frank Kimball sued various health care providers, including Respondent Dr. Joe Brothers, alleging that Dr. Brothers' negligence caused Kimball to suffer respiratory failure and cardiac insufficiency. The trial court granted Dr. Brothers' summary judgment on the basis of the statute of limitations as provided in TEX.REV.CIV.STAT.ANN. art. 4590i, § 10.01 (Vernon Supp.1987). The court of appeals affirmed the judgment of the trial court. 712 S.W.2d 538. We affirm the judgment of the court of appeals.

On March 7, 1982, Frank Kimball was admitted as a patient to Providence Hospital in Waco, Texas, complaining of chest pain. Following diagnostic testing, surgery was recommended, and on March 11, 1982, Kimball was taken to surgery. Be-

cause of a jaw deformity, Kimball was unable to fully open his mouth, and Dr. Brothers, the anesthesiologist, had difficulty inserting a tube into his throat, or "intubating," him. The surgery was postponed when Kimball suffered respiratory failure and cardiac insufficiency during the prolonged intubation procedure, which lasted approximately an hour and a half. No further surgical procedures were performed on Kimball during the remainder of his hospitalization. The only day Dr. Brothers had any contact with Kimball was March 11, 1982. Kimball was discharged from the hospital on March 17, 1982.

On March 16, 1984, Kimball sent "notice of claim" letters to Dr. Brothers and other health care providers. Suit was filed against the multiple defendants on May 30, 1984.

Dr. Brothers filed a motion for summary judgment based on the statute of limitations. The relevant undisputed dates that determine the applicable limitations period are as follows:

March 7, 1982—Kimball admitted to hospital.

March 11, 1982—Intubation procedure attempted on Kimball.

March 17, 1982—Discharge of Kimball from Providence Hospital.

March 16, 1984—Statutory "notice of claim" letter sent to Dr. Brothers.

May 30, 1984—Suit filed by Kimball.

The trial court severed the cause of action against Dr. Brothers and granted summary judgment against Kimball on the basis of TEX.REV.CIV.STAT.ANN. art. 4590i, § 10.01 (Vernon Supp.1987), which provides:

Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed. . . .

The court of appeals, in affirming the granting of summary judgment, held that

because the notice of claim was sent more than two years from the date of the alleged tort, which occurred on March 11, 1982, the suit was barred by limitations.

Kimball contends that the period of limitations as set forth in section 10.01 runs from any one of three events: (1) the occurrence of the breach or tort; (2) the date the health care treatment that is the subject of the claim is completed; or (3) the date the hospitalization for which the claim is made is completed. Kimball asserts that the suit is timely filed if the statutory notice of claim is filed within two years of *any* of the above three dates. Under Kimball's analysis, his notice of claim was timely filed because the limitation's period did not begin to run until March 17, 1982, the date Kimball's hospitalization was completed.

The legislature enacted the Medical Liability and Insurance Improvement Act to alleviate a perceived medical malpractice insurance crisis in the State of Texas. TEX.REV.CIV.STAT.ANN. art 4590i, § 1.02(a)(5) (Vernon Supp.1987). In an effort to accomplish this goal, an absolute two-year period of limitations was adopted. The three-date scheme contained in section 10.01 of Article 4590i was intended to aid the plaintiff who had difficulty ascertaining a precise date on which his injury occurred, specifically in circumstances where the claim arose from a course of treatment or a period of hospitalization that extended for a period of time. *Morrison v. Chan,* 668 S.W.2d 483, 485 (Tex.App.—Fort Worth 1984), *aff'd,* 699 S.W.2d 205 (Tex.1985).

The provision in section 10.01 that permits the limitations period to run "from the date the medical or health care treatment that is the subject of the claim ... is completed" contemplates a situation wherein the patient's injury occurs during a course of treatment for a particular condition and the only readily ascertainable date is the last day of treatment. Such a situation often arises in suits alleging misdiagnosis or mistreatment. *See Vinklarek v. Cane,* 691 S.W.2d 108, 109–10 (Tex.App.—Austin 1985, writ ref'd n.r.e.); *Morrison v. Chan,* 668 S.W.2d 483, 485 (Tex.App.—Fort Worth 1984), *aff'd,* 699 S.W.2d 205 (Tex.1985); *Atha v. Polsky,* 667 S.W.2d 307, 308 (Tex. App.—Austin 1984, writ ref'd n.r.e.); *Wallace v. Smith,* 658 S.W.2d 328, 329 (Tex. App.—Fort Worth 1983, no writ).

When the precise date of the specific breach or tort is ascertainable from the facts of the case, however, section 10.-01 requires the limitations period to run from the date of the breach or tort. It is undisputed that Dr. Brothers' only contact with Kimball was on March 11, 1982. Therefore, any breach or tort by Dr. Brothers had to occur on that date. Under section 10.01, Kimball was required to file the statutory notice of claim within two years of March 11, 1982, the date of the breach or tort.

Kimball argues that the statute of limitations did not begin to run until he was released from the hospital on March 17, 1982. The third provision of section 10.01 permits the limitations period to run from the date "the hospitalization *for which the claim is made* is completed." (emphasis added). The express language of the statute clearly limits this provision to claims based on the hospitalization itself, such as when a hospital is sued for negligent treatment of a patient. In this case, Kimball made no claim against the hospital that the care he received during his hospitalization was negligent in any way. Kimball's claim against Dr. Brothers relates solely to Dr. Brothers' allegedly negligent actions on March 11, 1982. Thus, the last date of hospitalization has no relevance to the period of limitations in this situation.

The statutory notice of claim was not given until March 16, 1984. Inasmuch as the breach or tort that is the basis of this suit occurred on March 11, 1982, the two-year statute of limitations expired on March 11, 1984.

The judgment of the court of appeals is affirmed.