Joe N. RIVERA and wife, Teresa Rivera, Appellants,

v.

Roderick MITCHELL, M.D. and Joseph Gibson, M.D., Appellees.

No. 08–88–00191–CV.

Court of Appeals of Texas, El Paso.

Feb. 1, 1989.

Herbert J. Porras, Jr., for appellants.

Jay Gibson, Fowler, Gibson & Morgan, Perry Davis, Jr., Shafer, Davis, McCollum, Ashley, O'Leary & Stoker, Odessa, for appellees.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

FULLER, Justice.

In a medical malpractice suit, the trial court granted summary judgment in favor of Appellees. We affirm.

Points of Error Nos. One through Four assert that the trial court erred in granting summary judgment for Appellees.

Both Appellees filed motions for summary judgment based on Tex.Rev.Civ.Stat. Ann. art. 4590i, sec. 10.01 (Vernon Supp. 1989), which states:

Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach of tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is completed....

Since dates are material and differ as to each Appellee doctor, we will discuss each Appellee's statute of limitations separately.

## DR. RODERICK MITCHELL

Appellant went to the emergency room of the Memorial Hospital in Kermit, Texas on December 22 and 23 of 1984 and was seen by Appellee, Dr. Mitchell, who gave him a prescription for pain but did not admit him to the hospital. His complaint against Dr. Mitchell was that his illness was not properly diagnosed. The ensuing dates become relevant:

(1) August 22, 1985, after seeing another doctor, he first discovered the true nature of his illness and treatment was started.

(2) January 20, 1986, Appellant was released by his doctors to return to work.

(3) September 29, 1986 notice, as required by Tex.Rev.Civ.Stat.Ann. art. 4590i, sec. 4.01(a) (Vernon Supp.1989), was mailed to Dr. Mitchell.

(4) July 6, 1987, Appellant filed this lawsuit.

We see that the lawsuit was filed twenty-three months after discovery of the misdiagnosis and some nine months after giving the written notice as required by statute.

It is conceded that Appellant's treating doctors released him to return to work on January 20, 1986, which left him eleven months to file his lawsuit before the two-year statute of limitations ran on his claim. Therefore, the trial court was correct in holding that Appellant had two years from the date of the misdiagnosis (December 22 or 23 of 1984) to file his suit, and having failed to do this, his claim was barred under Tex.Rev.Civ.Stat.Ann. art. 4509i, sec. 10.01. *Morrison v. Chan,* 699 S.W.2d 205 (Tex.1985), *Kimball v. Joe F. Brothers, M.D.,* 741 S.W.2d 370 (Tex.1987).

## DR. JOSEPH GIBSON

At the time Appellant went to the emergency room at the Memorial Hospital in Kermit, Texas, Dr. Gibson also was present and did admit Appellant to the hospital on December 23, 1984, where he was confined until discharge date of January 9, 1985. Appellant contends he was treated for pancreatitis and, therefore, was misdiagnosed. He realized he was misdiagnosed when he saw another doctor on August 22, 1985. He was released to return to work on January 20, 1986. On November 10, 1986, he mailed a notice of claim as required by Tex.Rev.Civ.Stat.Ann. art. 4590i. This lawsuit against Appellee, Joseph Gibson, M.D. was filed on July 6, 1987.

The evidence indicated the last treatment by Dr. Gibson was on the date of discharge from the hospital in Kermit, Texas, on January 9, 1985. The Appellant having discovered the claimed misdiagnosis on August 22, 1985, failed to file his lawsuit in the time required. The trial court was correct in holding that Appellant's claim was barred under Tex.Rev.Civ.Stat.Ann. art. 4509i, sec. 10.01; *Morrison v. Chan,* 699 S.W.2d 205 (Tex.1985); *Kimball v. Joe F. Brothers, M.D.,* 741 S.W.2d 370 (Tex.1987).

Points of Error Nos. One through Four are overruled.

We affirm the judgment of the trial court.