**William Lee WILSON, Appellant,**

v.

**Harry L. BRAEUER and C. David Hearn, Appellees.**

**No. C14–89–00738–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

April 5, 1990.

Steve Chudleigh, Friendswood, Evelyn T. Ailts, Galveston, for appellant.

Randall E. Butler, Houston, James R. Ansell, Otto D. Hewitt, III, Galveston, for appellees.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

This is an appeal from a summary judgment in a medical malpractice lawsuit. Appellant brings a single point of error alleging that the trial court improperly granted summary judgment after finding that as a matter of law the action was barred by a statute of limitations. We affirm.

Appellees are medical doctors whom appellant sued for lack of consent, negligence and gross negligence related to the surgical removal of a portion of his stomach on November 2, 1981. Appellant was released from the hospital on November 8, 1981. He mailed a notice of his claim to the appellees on November 3, 1983. Appellant filed suit on January 18, 1984. These dates are undisputed. The only matter for consideration by this court is the effect of TEX.REV.CIV.STAT.ANN. art. 4590i on the timeliness of appellant's filing suit in the court below.

Appellees were granted a summary judgment based on the fact that the lawsuit was filed two years and seventy-eight days after the date of the alleged tort (the date of surgery) and that the suit was barred by a two-year statute of limitations under TEX. REV.CIV.STAT.ANN. art. 4590i § 10.01. The

seventy-five day tolling of the limitation period under TEX.REV.CIV.STAT.ANN. art. 4590i § 4.01(c) was not allowed because the claim was not timely filed.

Appellant argues that TEX.REV.CIV.STAT. ANN. art. 4590i § 10.01 should be construed according to the reasoning of *Borderlon v. Peck*, 661 S.W.2d 907 (Tex.1983). There the two-year statute was allowed to begin to run on the date appellant last received treatment from the appellees. If appellant's contention is correct, both the notice of the claim and the filing of the suit were within the two year period when the two-year limitation period is extended an additional seventy-five days by the proper and timely filing of a notice of claim required under provisions of TEX.REV.CIV.STAT.ANN. art. 4590i § 4.01. *Kimball v. Brothers*, 741 S.W.2d 370 (Tex.1987), provides that the two year statutory period commences on the date of the tort, if ascertainable, and not on the date medical treatment was completed by appellees.

■ A summary judgment is not entitled to the same deference as a judgment following a trial on the merits. When reviewing the grant of a summary judgment, the appellate court does not view the evidence in the light most favorable to the judgment. Instead, this court must view the evidence in favor of the nonmovant, resolving all doubts and indulging all reasonable inferences in favor of a reversal of the summary judgment. *Nixon v. Mr. Property Management*, 690 S.W.2d 546, 549 (Tex. 1985); *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929, 931 (Tex.1952).

■ The question is not simply whether the non-movant raised a material fact issue which would defeat the motion. The movant must prove beyond a reasonable doubt that it was entitled to judgment as a matter of law. Otherwise, this court must remand the case for a trial on the merits. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828–829 (Tex.1970). The standards that must be applied when reviewing a summary judgment have been clearly mandated by the Texas Supreme Court as follows:

1. The movant for a summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed issue of material fact precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management* 690 S.W.2d 546, 548–549 (Tex.1985); *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984); *Wilcox v. St. Mary's University of San Antonio*, 531 S.W.2d 589, 592–93 (Tex.1975).

■ Appellant asserts that if the law of *Kimball v. Brothers*, 741 S.W.2d 370 (Tex. 1987) is applied to his case, he will be subjected to a forbidden *ex post facto* law. TEX.CONST. art. 1, § 16. This argument has no merit. While the Texas Constitution prohibits the making of *ex post facto* laws, this prohibition historically has been restricted to legislation affecting criminal or penal cases, and not to tort cases. *See Bender v. Crawford*, 33 Tex. 745, 751 (1871). It is conceivable that the legislature could violate constitutional rights by enacting new statutes which would shorten a limitation period to the detriment of an injured party. However, such is not the case here. It is uncontested that the same unamended section 10.01 of article 4590i was in effect at both the time of the surgery and at the time of the filing of the lawsuit. Appellant offers no authority to support his argument that a supreme court construction of a statute may not be considered a statement of the law from the very day the statute was enacted.

■ The holding which appellant wishes this court to adopt is the one found in *Borderlon v. Peck*, 661 S.W.2d 907 (Tex. 1983). In that case the sole issue was whether article 4590i, section 10.01 abolished fraudulent concealment as a basis for extending limitations in health care liability actions. In *Borderlon*, the Texas Supreme Court overruled the appellate court and

held that fraudulent concealment still operates as an equitable estoppel to the defense of limitations because "fraud vitiates whatever it touches" and no limitations statute will give the wrongdoer an undeserved haven. To do so would encourage concealment. Here, there are no allegations of concealment. Therefore *Borderlon* cannot be applied.

The proper law is found in *Kimball v. Brothers*, 741 S.W.2d 370 (Tex.1987) where the supreme court held that, absent any difficulty in ascertaining a precise date on which the injury occurred, the limitations period begins to run when the breach or tort occurred. There is nothing in appellant's pleadings to indicate that the breach or tort occurred on a date other than the date of surgery. *See Shook v. Herman*, 759 S.W.2d 743 (Tex.App.—Dallas 1988, writ denied). The pleadings also fail to prove that discovery occurred after the two year limitation period. Therefore, the limitation provision of section 10.01 of article 4590i is clear. *Morrison v. Chan*, 699 S.W.2d 205 (Tex.1985). The trial court was correct in holding that the filing of the lawsuit was untimely as was the notice of claim under section 4.01 of article 4590i.

Appellant's point of error is overruled, and the judgment of the trial court is affirmed.