NO. 07-00-0529-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 28, 2001

_____

SHAWNA LYN BORTH, APPELLANT

V.

JAMES WHITTENBURG WALKER, JR. M.D.; EARLY B. LOKEY, M.D.;

AND LISA E. VEGGEBERG, M.D., APPELLEES

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 87,371-E; HONORABLE ABE LOPEZ, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Proceeding *pro se*, appellant Shawna Lyn Borth presents eight issues by which she challenges two separate orders dated October 5, 2000, granting two motions for summary judgment that she take nothing on her action against appellees James Whittenburg

Walker, Jr., M.D., Early B. Lokey, M.D., and Lisa E. Veggeberg, M.D. (doctors).[1]  Based on the rationale expressed herein, we affirm.

In April 1994, Borth was treated by Walker at the J.O. Wyatt Clinic which provides care for indigent patients.  At all relevant times during Borth's treatment, Lokey was the Indigent Care Coordinator for the Clinic.  Borth continued to receive treatment and in October 1997, she requested that Walker refer her to an allergist.  Walker prescribed nasal spray and informed Borth he would not grant the referral until she tried the spray.  She was not pleased and asked Lokey to place her under the care of another physician.  Her request was denied and she then asked Veggeberg, a pediatrician acting in an administrative capacity as Medical Director, for assistance.  Veggeberg responded by denying Borth's request for a referral on December 4, 1997.  On January 14, 2000, Borth sent a letter to each doctor stating her intent to file a healthcare liability claim, which was followed by her petition filed on March 23, 2000, alleging various grounds of negligence against Walker and Lokey and alleging negligence for failure to give a referral on December 4, 1997, against Veggeberg.  Borth subsequently stated in her deposition that the alleged wrongdoing by Walker and Lokey occurred on or before December 17, 1997.

---

[1]Multiple orders that, when taken together, dispose of all parties and claims can constitute a final judgment.  *See generally* Mafrige v. Ross, 866 S.W.2d 590 (Tex. 1993), *overruled in part*, Lehmann v. Har-Con Corp., 39 S.W.3d 191, 204 (Tex. 2001) (overruling *Mafrige* to the extent that it held that the inclusion of Mother Hubbard language in a summary judgment made it final for purposes of appeal).

In response to Borth's claims, the doctors answered contending (1) the absence of a physician/patient relationship and (2) that her claims were barred by the two-year statute of limitations per section 10.01 of the Medical Liability Insurance Improvement Act, Tex. Rev. Civ. Stat. Ann. art. 4590i (Vernon Supp. 2002), which defenses were raised by the doctors as grounds for their traditional motions for summary judgment pursuant to Rule 166a(b) of the Texas Rules of Civil Procedure. Before we consider Borth's issues, we first set forth the appropriate standard of review.

## STANDARD OF REVIEW

In reviewing a summary judgment, this Court must apply the standards established in Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985):

> 1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.
>
> 2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.
>
> 3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

For a party to prevail on a motion for summary judgment, he must conclusively establish the absence of any genuine question of material fact and that he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). A movant must either prove all essential

3

elements of his claim, MMP, Ltd. v. Jones, 710 S.W.2d 59 (Tex. 1986), or negate at least one essential element of the non-movant's cause of action. Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). Once the movant has established a right to summary judgment, the non-movant has the burden to respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678 (Tex. 1979); Barbouti v. Hearst Corp., 927 S.W.2d 37, 64 (Tex.App.--Houston [1st Dist.] 1996, writ denied). When a summary judgment does not specify or state the grounds relied on, the summary judgment will be affirmed on appeal if any of the grounds presented in the motion are meritorious. Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989); Insurance Co. of N. Am. v. Security Ins., 790 S.W.2d 407, 410 (Tex.App.--Houston [1st Dist.] 1990, no writ). Issues which the non-movant contends preclude the granting of a summary judgment must be expressly presented to the trial court by written answer or other written response to the motion and not by mere reference to summary judgment evidence. McConnell v. Southside School Dist., 858 S.W.2d 337, 341 (Tex. 1993). Issues not expressly presented to the trial court in writing shall not be considered on appeal as grounds for reversal. Tex. R. Civ. P. 166a(c). Further, all theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court. Casso v. Brand, 776 S.W.2d 551, 553 (Tex. 1989). Additionally, pleadings do not constitute summary judgment proof. Clear Creek Basin Authority, 589 S.W.2d at 678.

4

Borth does not present a general issue complaining that the trial court erred in granting summary judgment which would have allowed her to raise all possible grounds upon which summary judgment should have been denied. *See* Malooly Brothers, Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970). Instead, she presents eight issues which do not state concisely any contentions and in her brief she does not clearly and concisely argue her issues. *See* Tex. R. App. P. 38.1(e) and (h). All of the issues state conclusions without addressing any specific error. However, because we are required to review briefs liberally, Tex. R. App. P. 38.9, we will consider the statute of limitations issue presented in Borth's fifth issue. She contends:

> [a]uthorities and arguments presented in Plaintiff's Response to Defendants' Motions for Summary Judgment in order to prevent Defendants' (sic) from hiding behind the two-Year Statute of Limitations.

Borth contended that the doctors were negligent for failing to grant a referral on two dates in December 1997.[2] On January 14, 2000, Borth sent by certified mail, return receipt requested, a handwritten letter to each doctor stating that she intended to assert a healthcare liability claim against each of them. She attached a copy of each letter to her response to the doctors' motions for summary judgment, but the letters stating that she intended to assert healthcare liability claims were not supported by proper affidavit and

---

[2] According to Borth's deposition, the date of alleged wrongdoing by Doctors Lockey and Walker is December 17, 1997. Additionally, Borth's petition referenced December 4, 1997 as the date of wrongdoing by Doctor Veggeberg.

5

were not in a form admissible at trial and, therefore, were not summary judgment evidence. *See* Tex. R. Civ. P. 166a(c); Trunkhill Capital, Inc. v. Jansma, 905 S.W.2d 464, 469 (Tex. App.--Waco 1995, writ denied).

Moreover, under section 10.01 of the Act, a healthcare liability claim must be filed within two years. Section 4.01(c) of the Act provides that the limitations period can be tolled for 75 days following written notice to the party against whom recovery is sought as required by section 4.01(a). Borth admitted in her deposition that Walker and Lokey committed no wrongful acts after December 1997. Also, in her petition, Borth alleged that Veggeberg's negligent failure to refer her to a specialist resulted in injury on December 4, 1997.

The two-year statute of limitations begins to run from the date medical treatment is completed. Kimball v. Brothers, 741 S.W.2d 370, 372 (Tex. 1987). When the date of the tort is ascertainable, limitations begins to run on that date. *Id.* Because Borth complains that the alleged wrongdoing occurred in December 1997, the maximum limitations period would be 75 days after the December 1999 deadlines. Borth's failure to timely give notice before this date precluded her from claiming the additional 75-day tolling period. Notice given to extend filing for 75 days in accordance with section 4.01(a) must be given before limitations runs in order to extend the deadlines. Jennings v. Burgess, 917 S.W.2d 790, 793 (Tex. 1996). Borth's complaints against all three doctors alleged torts occurring in December 1997. At the latest, the two-year statute of limitations expired on December 4,

1999, as to Veggeberg, and on December 17, 1999, as to Lokey and Walker. The additional dates that Borth alleged treatment occurred are immaterial because the statute began to run when the alleged tort occurred. *Kimball*, 741 S.W.2d at 372. Thus, when Borth filed her petition on March 23, 2000, the two-year statute of limitations had already expired. Borth's fifth issue is overruled. Pursuant to *Carr*, 776 S.W.2d at 569, because the summary judgments did not specify the grounds relied on, both can be affirmed on the statute of limitations ground. Thus, we need not address Borth's remaining contentions.

Accordingly, the judgment of the trial court is affirmed.


Don H. Reavis
Justice

Do not publish.

7