Rita Ratliff **ROGERS,** Individually and as the Administrator of the Estate of John Norman Rogers, Deceased, Appellant,

v.

**UNITED REGIONAL HEALTH CARE SYSTEM, INC. d/b/a Wichita General Hospital, Wichita Falls Family Practice Residency Program a/k/a North Central Texas Medical Foundation, and Melencio Francisco Juan, M.D.,** Appellees.

No. 2–02–374–CV.

Court of Appeals of Texas, Fort Worth.

May 15, 2003.

English & Associates, P.C., Jay C. English, Lauri Luxton, Dallas, for appellant.

Davison Rugeley, L.L.P., D. D'Lyn Davison, Wichita Falls, for appellee Wichita General Hospital.

Morrison & Shelton, Stephen R. Shelton, Wichita Falls, for appellee Wichita Falls Family Practice Residency Program.

Decker, Jones, McMackin, McClane, Hall & Bates, Randy J. Hall, Fort Worth, for appellee Juan.

PANEL A: CAYCE, C.J.; DAY and HOLMAN, JJ.

## OPINION

JOHN CAYCE, Chief Justice.

Rita Ratliff Rogers, individually and as the administrator for the estate of John Norman Rogers, appeals the trial court's summary judgment entered for United Regional Health Care System ("the Hospital"), Wichita Falls Family Practice Residency Program ("the Program"), and Melencio Francisco Juan, M.D. ("Dr. Juan"). In three issues, Rogers contends that the trial court erred in granting summary judgment based on the statute of limitations, that the trial court erred in granting both a plea to the jurisdiction and a motion for summary judgment for the Hospital, and that summary judgment for the Hospital was not proper on other grounds raised by the Hospital. We will affirm.

On April 18, 1997, John Rogers appeared at the Hospital's emergency room complaining of flu-like symptoms and lower abdominal pain. He was treated by Dr. Juan, a resident with the Program. Dr. Juan ordered blood tests, but was unable to obtain a specimen. He also attempted to install an IV to rehydrate John, but was unsuccessful. A urinalysis revealed that John was suffering from a urinary tract infection. After consulting Drs. Maria Garcia and Reda Bestawrous, Dr. Juan discharged John and prescribed medications for the infection, nausea, and pain.

On April 21, John phoned Dr. Juan and informed him that he was still vomiting and had persistent pain. Dr. Juan admitted him into the hospital and ordered a complete blood work-up, a urinalysis, and a hemoglobin analysis. On April 22, John was released with medication to treat his symptoms pending the results of the blood tests. The test results later indicated that John had a high white blood cell count.

In spite of the antibiotics prescribed for the urinary tract infection, the pain and vomiting persisted. John returned to the Hospital on April 27. Because Dr. Juan was not on duty, the emergency room staff sent him to the Bethania hospital emergency room to consult with Dr. Juan. Dr. Juan ordered x-rays of his lumbar spine and chest, which revealed a normal chest x-ray and degenerative changes in the spine. Again, Dr. Juan prescribed pain medications and sent him home.

On April 30, John went to the clinic for a follow-up appointment with Dr. Juan. Dr. Juan immediately sent him to the Hospital for admission and further examination. A CT scan revealed that John had a ruptured appendix. On May 1, Dr. Fred

Langner performed an appendectomy. Dr. Langner's operative report and summary notes that the appendix was gangrenous and that there were multiple abscesses that required the removal of a large amount of intra-abdominal fat and tissue. Following surgery, John continued to require medical treatment until his death on August 11, 1997.

On July 7, 1999, Rogers forwarded a notice of her potential claims under the Texas Medical Liability Insurance Improvement Act to the Hospital. Then, on July 16, 1999, she filed suit alleging that the appellees' failure to timely and properly diagnose John's appendicitis was the direct and proximate cause of his death. The Hospital filed a plea to the jurisdiction claiming sovereign or governmental immunity from suit and a motion for summary judgment based on sovereign immunity, the statute of limitations, and a lack of evidence to show that the Hospital had been negligent. Dr. Juan and the Program also moved for summary judgment based on the statute of limitations. On October 25, 2002, the trial court granted the Hospital's plea to the jurisdiction and dismissed the claim against the Hospital with prejudice. The court also granted summary judgment for each of the appellees, including the Hospital.

██ A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all the elements of the affirmative defense. *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999). To accomplish this, the defendant-movant must present summary judgment evidence that establishes each element of the affirmative defense as a matter of law. *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 121 (Tex.1996).

In her first issue, Rogers contends that the suit was not barred by the two-year statute of limitations. *See* TEX.REV.CIV. STAT. ANN. art. 4590i, § 10.01 (Vernon Supp.2003). Specifically, she alleges that the date the negligence occurred is not ascertainable because it occurred during a continuing course of treatment, which started on April 18, 1997, when John first consulted appellees, and continued until August 17, 1997, when John died. Therefore, she contends that the statute of limitations did not begin to run until August 17, 1997, the last date of the course of treatment. We disagree.

██ Section 10.01 of the Texas Medical Liability and Insurance Improvement Act ("the Act") measures the limitations period from one of three dates: (1) the date of the tort; (2) the last date of the relevant course of treatment; or (3) the last date of the relevant hospitalization. *Id.; Husain v. Khatib*, 964 S.W.2d 918, 919 (Tex.1998). Although section 10.01 specifies three possible dates, the Supreme Court of Texas has repeatedly held that a plaintiff may not simply choose the most favorable of the three dates. *See Earle v. Ratliff*, 998 S.W.2d 882, 886 (Tex.1999); *Husain*, 964 S.W.2d at 919; *Bala v. Maxwell*, 909 S.W.2d 889, 891 (Tex.1995). If the date of the negligence can be ascertained, limitations must be measured from the date of the tort, and the plaintiff's claim that the defendant established a course of treatment is immaterial. *Husain*, 964 S.W.2d at 919; *Karley v. Bell*, 24 S.W.3d 516, 520 (Tex.App.-Fort Worth 2000, pet. denied).

██ The purpose of the provisions for measuring limitations from the last date of treatment or hospitalization is to aid a plaintiff who was injured during a period of hospitalization or a course of medical treatment, but has difficulty ascertaining the precise date of injury. *Kimball v. Brothers*, 741 S.W.2d 370, 372 (Tex.1987).

In that situation, the statute resolves doubts about the time of accrual in the plaintiff's favor by using the last date of treatment or hospitalization as a proxy for the actual date of the tort. *Id.* When, however, a physician fails to diagnose a condition, the continuing nature of the diagnosis does not extend the tort for limitations purposes. *Rowntree v. Hunsucker*, 833 S.W.2d 103, 108 (Tex.1992). While the failure to treat a condition may well be negligent, the failure to establish a course of treatment does not constitute a course of treatment. *Id.* at 105–06.

In this case, the dates of the alleged negligence are readily ascertainable. Rogers's suit was merely based on her contention that appellees were negligent in failing to take actions that would have led to the earlier discovery and treatment of John's appendicitis—specifically, failing to correctly read and interpret the EKG, urine samples, x-rays, and blood samples; failing to make a proper referral to a physician more qualified to diagnose the condition; failing to utilize diagnostic tests and equipment necessary to diagnose and treat the condition; and failing to act in accordance with the generally accepted standard of care. This negligence could only have occurred on the dates that appellees treated John before he was properly diagnosed: April 18, 21, and 27, 1997. *See Bala*, 909 S.W.2d at 892 (concluding that doctor could have breached the duty to perform additional tests only when he examined patient); *Rowntree*, 833 S.W.2d at 108 (holding that doctor could have breached duty to perform proper examinations only on those occasions when he had opportunity to perform such examinations); *Karley*, 24 S.W.3d at 520 (same).

On April 30, 1997, Dr. Juan sent John to the Hospital for further tests, and on May 1, 1997, the CT scan detected John's appendicitis. Therefore, any negligence could only have occurred at the latest on April 27, 1997.

■ Contrary to Rogers's argument on appeal, the record contains no allegations or evidence that the appellees were negligent in their treatment of John after he was properly diagnosed with appendicitis. After reviewing all of John's medical records, Rogers's own expert even acknowledged that he had no criticism of the appellees' treatment of John after he was correctly diagnosed. Therefore, Rogers is not entitled to use the last date of the relevant course of treatment as the beginning date for the statute of limitations. *See Bala*, 909 S.W.2d at 892; *Rowntree*, 833 S.W.2d at 108; *Karley*, 24 S.W.3d at 520–21.

■ Because the last date on which appellees could have been negligent is April 27, 1997, and Rogers did not file this action until July 16, 1999, the two-year statute of limitations bars her claim. *See* Tex.Rev. Civ. Stat. Ann. art. 4590i, § 10.01. In addition, because she filed her claim after the statute of limitations had already expired, she is not entitled to use the tolling provision in section 4.01(c), which tolls the statute of limitations for seventy-five days if the plaintiff provides notice of the claim to the health care provider at least sixty days before filing suit. *Id.* § 4.01(a); *see De Checa v. Diagnostic Ctr. Hosp., Inc.*, 852 S.W.2d 935, 938 n. 4 (Tex.1993) (stating that notice cannot toll a limitations period that has already elapsed). Therefore, we conclude that summary judgment was proper.[1] Accordingly, we affirm the trial

---

1. In her second issue, Rogers complains that the trial court erred in granting both a plea to the jurisdiction and a motion for summary judgment for the Hospital. Rogers, however, does not contend that the plea to the jurisdiction was improper. Therefore, we affirm the trial court's judgment for the Hospital on this basis rather than on the summary judgment.

court's judgment.

See Tex. Dep't of Transp. v. City of Sunset Valley, 92 S.W.3d 540, 546 (Tex.App.-Austin 2002, no pet.) (op. on reh'g). In light of this holding, we need not address Rogers's remaining complaints on appeal. See Tex.R.App. P. 47.1.