Affirmed and Memorandum Opinion filed June 29, 2004









Affirmed and Memorandum Opinion filed June 29, 2004.

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01284-CV

____________

 

CONCEPCION ROMERO,
INDIVIDUALLY AND AS

PERSONAL
REPRESENTATIVE OF THE ESTATE OF 

ABEL
DEL ANGEL, AND AS NEXT FRIEND OF YVONNE ROMERO

AND
ABEL DEL ANGEL, IV, AND ABEL JONES, Appellants

 

V.

 

THE INSTITUTE FOR
REHABILITATION AND RESEARCH, Appellee

 



 

On Appeal from the Probate
Court No. 1

Harris County, Texas

Trial Court Cause No. 336,372-402

 



 

M E M O R A N D U M   O P I N I O N








Appellants, Concepcion Romero,
individually and as personal representative of the estate of Abel Del Angel (ADel Angel@), and as next
friend of Yvonne Romero and Abel Del Angel, IV, and Abel Jones (collectively ARomero@), appeal the
grant of summary judgment in favor of appellee, The Institute for Rehabilitation
and Research (ATIRR@).  Romero brought this medical malpractice suit
after Del Angel died from respiratory failure. 
TIRR filed its motion for summary judgment, arguing that Romero=s claim was barred
by the statute of limitations.  We
affirm.

Background

Del Angel was admitted to the emergency
room at Memorial Hermann Hospital (AHermann@) on February 28,
2001, for treatment of a stroke.  He
remained there until he was transferred to TIRR[1]
on March 8, 2001, for rehabilitation. 
Del Angel left TIRR and was readmitted to Hermann on March 13,
2001.  He was then transferred to
Memorial Hermann Southwest (ASouthwest@) because of
flooding caused by Tropical Storm Allison. 
Del Angel remained there until his death on June 12, 2001.  Romero filed his amended petition to name
TIRR as a defendant on June 19, 2003Cmore than two years
and seventy-five days after Del Angel was discharged from TIRR.  

Standard of Review

Romero argues the trial court erred in
granting TIRR=s motion for summary judgment.  TIRR filed a traditional motion for summary
judgment, and therefore had the burden to show that no genuine issue of
material fact exists and that it is entitled to judgment as a matter of
law.  Tex.
R. App. P. 166a(c); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546,
548 (Tex. 1985).  As a defendant, it must
conclusively negate at least one essential element of each of Romero=s causes of action
or conclusively establish each element of an affirmative defense.  Sci. Spectrum, Inc. v. Martinez, 941
S.W.2d 910, 911 (Tex. 1997).  TIRR=s motion rested on
the affirmative defense of limitations. 
In deciding whether a disputed material fact issue exists precluding
summary judgment on TIRR=s affirmative defense, we resolve every
reasonable inference in favor of Romero and take all evidence favorable to him
as true.  See id.  

 








Analysis

Texas law imposes a two‑year
limitation period on healthcare claims.  Tex. Civ. Prac. & Rem.Code Ann. ' 74.251 (Vernon
Pamph. 2004).[2]  If a defendant mails a notice letter to a
healthcare provider within the statutory time period, the limitation period is
extended another seventy-five days.  Id.
' 74.051.  In order to prevail, TIRR had the burden to
prove that June 19, 2003, the date Romero filed his suit against TIRR, was more
than two years and seventy-five days prior to the last possible date of breach
under the statute.  Delgado v. Burns,
656 S.W. 428, 429 (Tex. 1983) (per curiam). 
Thus, TIRR had to show that the last possible date of breach was prior
to or on April 4, 2001.

The limitation period is measured from one
of three dates: (1) the occurrence of the breach or tort; (2) the date that the
relevant course of treatment was completed; or (3) the last date of the
relevant hospitalization.  Id.; Kimball
v. Brothers, 741 S.W.2d 370, 372 (Tex. 1987).  A plaintiff Acannot simply
choose among any of these dates.@  Bala v. Maxwell, 909 S.W.2d 889, 891
(Tex. 1995).  Rather, the limitation
period does not run from any of these three dates, i.e., whichever is
later, but from the one that is applicable to the particular
circumstances.  Winkle v. Tullos,
917 S.W.2d 304, 310 (Tex.
App.CHouston [14th Dist.] 1995, writ
denied).  Where the date on which the
breach or tort occurred is ascertainable from the facts of the case, the
limitation period runs from that date.  Kimball,
741 S.W.2d at 372.  Where that date is
not ascertainable, and the injury occurs during a course of treatment for a
particular condition, the limitation period runs from the date that treatment
was completed.  Id.  Similarly, as in this case, where a claim is
based on the hospitalization itself, the limitation period runs from the date
the relevant hospitalization was completed. 
Id. 

 








In his first two issues, Romero contends
the trial court erred in granting summary judgment because the facts of this
case indicate at least two possible dates under the Medical Liability and
Insurance Improvement Act (AMLIIA@) upon which the
limitation period may have commenced: the date Del Angel was discharged from
TIRR, March 13, 2001, or the date upon which his series of hospitalizations
were completed, which was the date of Del Angel=s death, June 12,
2001.[3]  Romero argues that, although Del Angel was
discharged from TIRR on March 13, 2001, he was still being treated for the same
condition and was treated for that condition throughout his subsequent hospitalizations
with Hermann and Southwest until his death on June 12, 2001.  Romero suggests then that the date of Del
Angel=s death was the Alast date of
relevant hospitalization@ for purposes of MLIIA.  We disagree.








Although Romero contends that TIRR failed
to meet its burden of proof with regard to establishing the commencement date
for the statute of limitations, he does not dispute its evidence, in the form
of an affidavit, that Del Angel was discharged from TIRR on March 13, 2001, and
the date of discharge was the last day he received treatment from its facility.
Nor has Romero cited authority for the proposition that the subsequent
hospitalizations should be tacked onto the date Del Angel=s treatment ceased
at TIRR, and we have found none. 
Moreover, the tacking proposed by Romero is contrary to the Texas
Supreme Court=s interpretation of the statute.  The supreme court has explained that the
purpose of the provision for measuring the statute of limitations from the last
date of hospitalization is to aid a plaintiff who was injured during a period
of hospitalization, but has difficulty ascertaining the precise date of
injury.  Kimball, 741 S.W.2d at
372.  In that situation, the statute
resolves doubts about the time of accrual in the plaintiff=s favor by using
the last date of hospitalization as a proxy for the actual date of the
tort.  Id.  The court noted that the language Athe
hospitalization for which the claim is made is completed@ limits the claim
to one against a hospital for negligent treatment of a patient.  Id. 
Romero is suing TIRR for its alleged negligence in failing to properly
diagnose and treat Del Angel and implement an appropriate course of treatment
for him.  Although Romero has also sued
the subsequent hospitals for their alleged negligence, the claim against TIRR
is merely for its negligence, and any negligence committed by it had to occur
prior to or on the date Del Angel was discharged from its facility.  See id. (finding that claim against
doctor was barred by limitations because the claim for his alleged negligence
could have only occurred on the date the doctor treated the patient); see
also Gross v. Kahanek, 3 S.W.3d 518, 519, 521 (Tex. 1999) (holding that commencement
date for statute of limitations began on claim against doctor when patient
discontinued treatment with the doctor and sought treatment from another
healthcare provider, even though treatment was for the same condition); Earle
v. Ratliff, 998 S.W.2d 882, 886 (Tex. 1999) (affirming that commencement
date for statute of limitations started on date of surgery because no
actionable negligence against that doctor occurred after surgical treatment was
completed).  

TIRR did not treat Del Angel after March
13, 2001, so that is the last possible date TIRR could have improperly treated
or diagnosed him.  Because Romero filed
his claim more than two years and seventy-five days past that date, his claims
are barred by the statute of limitations. 
We overrule Romero=s first two issues.

In his third issue, Romero contends the
trial court erred in granting summary judgment because a fact issue exists
regarding whether the statute of limitations was tolled until Del Angel=s death because
Del Angel may have been mentally incapacitated from the time of his
hospitalization with TIRR until the date of his death. Specifically, Romero
argues that strict application of the two-year limitation provisions of MLIIA
violate the Aopen courts@ provision of
Article I, section 13, of the Texas Constitution.  Under the facts of this case, we disagree.








For the open courts provision to apply,
Romero had to demonstrate that (1) he had a common-law cause of action that is
being restricted and (2) the restriction is unreasonable or arbitrary when
balanced against the statute=s purpose.  Horizon/CMS Healthcare Corp. v. Auld,
34 S.W.2d 887, 902B03 (Tex. 2000).  The Texas Supreme Court has determined that,
because at common-law a personal injury claim did not survive an injured party=s death, wrongful
death or survival actions are only permitted by statute.  Bala, 909 S.W.2d at 893. Thus, the
open courts provision cannot apply to such claims.  Id. 
Because Romero sued under the Wrongful Death and Survival Act, he cannot
establish an open courts violation.  We
overrule Romero=s third issue.

Having overruled all of Romero=s issues, we
affirm the trial court=s judgment.

 

 

 

 

/s/      Joe L. Draughn

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed June 29, 2004.

Panel
consists of Justices Anderson, Hudson, and Draughn.*

 

 

 

 

 

*  Senior Justice Joe L. Draughn sitting by
assignment.











[1]  Del Angel was
admitted to TIRR Lifebridge, a chartered hospital, which subsequently merged
with TIRR.





[2]  Effective
September 1, 2003, the provisions of Article 4590i of the Revised Civil
Statutes, under which the case was filed, are now found in Chapter 74 of the
Civil Practice and Remedies Code.  Act of
June 11, 2003, 78th Leg., R.S., ch. 204, ' 10.01,
2003 Tex. Gen. Laws. 847, 864.

 





[3]  Romero relies
on Delgado to argue that, where the limitations period may have
commenced upon more than one date, the healthcare provider must offer proof as
to which date is appropriate under the circumstances.  See 656 S.W.2d at 429.  Although Romero=s
interpretation of Delgado is correct, the facts of the case are
distinguishable.  In that case, the
plaintiff proposed two possible dates of breach: the date of the last
post-operative check or the date a surgical staple was removed from the
plaintiff.  Id.  Both dates were dates on which the plaintiff
had contact with the doctor=s office.  Id.  Here, however, the second date proposed by
Romero is not a date on which Del Angel had contact with TIRR.  In fact, Romero points to no evidence that
supports a claim that TIRR treated Del Angel after his discharge from its
facility.