NUMBER
13-02-698-CV

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

DONALD STREICH,                                                                          Appellant,

                                                             v.

DR. JERRY PALLARES,                                                                   Appellee.

 

 

                     On appeal from the 197th
District Court

                                       of
Cameron County, Texas.

 

 

 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Rodriguez and Garza

 

      Opinion by Chief
Justice Valdez

 

 

 








Appellant, Donald Streich, appeals from the trial
court=s order granting summary judgment in favor of
appellee, Jerry Pallares, M.D., on a medical malpractice suit due to the late
filing of the claim.  In the sole issue
presented, appellant claims the trial court erred by improperly selecting the
commencement date of the two-year limitations period and granting the summary
judgment.  We affirm.

I.  STANDARD
OF REVIEW

We review the trial court=s granting of a traditional motion for summary
judgment de novo.  See Natividad v. Alexsis,
Inc., 875 S.W.2d 695, 699 (Tex. 1994); Alejandro v. Bell, 84 S.W.3d
383, 390 (Tex. App.BCorpus Christi 2002, no pet.).  To prevail on a summary judgment motion, a
moving party must establish that no genuine issue of material fact exists and
judgment should be granted as a matter of law. 
Shah v. Moss, 67 S.W.3d 836, 842 (Tex. 2001).  In deciding whether there is a genuine issue of
material fact, we resolve any doubt against the movant, and view the evidence
in a light most favorable to the nonmovant. 
Id.

A defendant
moving for summary judgment on the affirmative defense of a tolled limitation
statute has the burden of conclusively establishing that defense.  KPMG Peat Marwick v. Harrison County Hous.
Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999).  A defendant must (1) conclusively prove when
the action accrued, and (2) negate the discovery rule if it applies and has
been pleaded or raised.  Id.  If the movant establishes that the statute of limitations bars the action, the nonmovant must then
offer proof raising a fact issue to avoid summary judgment.  Id.

II.  ANALYSIS








Appellant
alleges that appellee failed to diagnose a lytic bone lesion at his L4
vertebrae during an examination on December 29, 1999, but that due to a
continuing course of treatment by a different doctor for this same condition,
the two-year limitation period did not toll until March 2, 2000, the date that
the lesion was finally discovered. 
Appellant also alleges that appellee failed to negate all the elements
of the discovery rule.  He asserts that
the date the malpractice occurred is a question of fact for a jury and not one
of law. 

Former article
4590i, section 10.01 of the Texas Revised Civil Statutes governs this case
since it was filed before September 1, 2003. 
Act of May 30, 1977, 65th Leg., R.S., ch. 817, __ 1.01 -12.01,
1977 Tex. Gen. Laws 2039-2053 (as amended) (henceforth Aformer Tex. Rev. Civ. Stat. art. 4590i@), repealed
by Act of June 2, 2003, 78th Leg., R.S., ch. 204, _ 10.09, 2003
Tex. Gen. Laws 847, 884 (current version at Tex.
Civ. Prac. & Rem. Code __ 74.001 et
seq. (Vernon Supp. 2004-05)).

 The former statute created an absolute two
year limitations period in which to bring suit on health care liability
claims.  Id.; Kimball v.
Brothers, 741 S.W.2d 370, 372 (Tex. 1987). 
One of three dates was used to calculate the commencement of this period:  (1) the occurrence of the breach or tort, (2)
the date the medical or health care treatment that is the subject of the claim
is completed, or (3) the date the hospitalization for which the claim is made
is completed.  See former Tex. Rev. Civ. Stat. Ann. art. 4590i, _ 10.01; Kimball
at 372.  A plaintiff could not simply
choose the most favorable date, but rather, if the specific date of the
negligence could be ascertained, then the limitations period commences upon
that date.  Earle v. Ratliff, 998
S.W.2d 882, 886 (Tex. 1999).  In other
words, if the date of the occurrence of the breach or tort is ascertainable,
then an inquiry into the second and third categories is unnecessary.  Shah, 67 S.W.3d at 841 (Tex. 2001).








When a claim
accrues is a question of law, and not one of fact.  Chambers v. Conaway, 883 S.W.2d 156,
158-59 (Tex. 1993).  Appellant was
examined by appellee on a single date, December 29, 1999.  Appellee=s alleged
failure to diagnose the lytic lesion occurred on that date.  When a doctor fails to properly diagnose a
patient, the continuing nature of that failure alone does not extend the
limitation period.  Bala v. Maxwell,
909 S.W.2d 889, 892 (Tex. 1995).  As
such, the commencement of the limitation period occurred on December 29, 1999,
the last date appellee treated appellant and had a chance to perform his
alleged duties.  See Shah, 67
S.W.3d at 843.

The only
evidence appellant offers to refute this finding and prove a continuing
relationship is his personal affidavit in which he states, ADuring this
time period I continued to keep my doctors informed of my pain, discomfort and
numbness.@  However, the record reflects no other visit
to appellee and no connection to or treatment by appellee in any form beyond
December 29, 1999.  Even if the standard
of care required the ongoing monitoring of appellant, course-of-treatment
limitations will not be applied if the date of the tort is ascertainable.  See id. at 845.








Appellant also
alleges that appellee failed to negate all the elements of the discovery
rule.  Although appellee at one time would
have needed to negate the elements of the discovery rule in order to obtain
summary judgment, this rule was abolished for health care liability claims when
the 65th legislative session enacted the Medical Liability and Insurance
Improvement Act.  See former Tex. Rev. Civ. Stat. Ann. art. 4590i, _ 10.01; Morrison
v. Chan, 699 S.W.2d 205, 208 (Tex. 1985). 
With the abolishment of the discovery period, all health care liability
claims must now be brought within the two-year period allotted by the
statute.  Although appellant was unaware
of the alleged malpractice until two months after it occurred, this still left
him approximately twenty-two months in which to file suit.  He could have also obtained an additional
seventy-five days, prior to filing suit in the trial court, upon timely notice
served to the physicians and healthcare providers involved.  See former Tex. Rev. Civ. Stat. Ann. art. 4590i, _ 4.01(c).  Since appellant failed to timely file notice
pursuant to section 4.01(c), the final date on which he could file was December
29, 2001, or two years after the alleged breach.  As such, appellant=s April 9, 2002
filing was barred by the statute of limitations.

Accordingly, we
overrule appellant=s sole issue
presented.

III.  CONCLUSION

We affirm the
judgment of the trial court.                                        

 

 

 

 

                                           

Rogelio
Valdez,

Chief
Justice

 

 

Memorandum Opinion delivered and
filed

this 7TH day of July,
2005.