# NO. 12-12-00351-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KEVIN O'CONNOR AND SAUNDRA O'CONNOR,* <br> *APPELLANTS* | § | *APPEAL FROM THE 145TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *C. WINSTON BOLLINGER, M.D.;* <br> *DAWN BARNES, FNP; AND TENET* <br> *HEALTHCARE CORPORATION,* <br> *APPELLEES* | § | *NACOGDOCHES COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Kevin and Saundra O'Connor appeal from summary judgments in favor of C. Winston Bollinger, M.D.; Dawn Barnes, FNP; and Tenet Healthcare Corporation in this medical malpractice lawsuit. In their sole issue, the O'Connors contend they raised a fact issue concerning the applicability of a limitations bar to their cause of action. We affirm.

### BACKGROUND

Kevin O'Connor sought treatment for chest pain on May 25, 2008, at Nacogdoches Medical Center emergency room. He was examined by Dawn Barnes, a nurse, under the direction of Dr. C. Winston Bollinger. He was quickly diagnosed with a bronchial infection and discharged, but continued to experience shortness of breath and lack of energy over the next several months. In mid-2010, he underwent testing, and in late 2010, he experienced cardiac related symptoms. Further testing showed he had suffered a severe heart attack at some point in the past. In 2011, his cardiologist surmised that the heart attack occurred on May 25, 2008. The O'Connors sued Barnes, Bollinger, and Tenet Healthcare Corporation, which they asserted was the operator of Nacogdoches Medical Center. All three defendants moved for summary

judgment based on limitations. The trial court granted the motions and rendered an order dismissing, with prejudice, the O'Connors' claims against Barnes and Bollinger, and an order that the O'Connors take nothing against Tenet Healthcare. This appeal ensued.

### SUMMARY JUDGMENT

In their sole issue, the O'Connors assert that application of the two year medical malpractice limitations period to their suit violates the open courts provision of the Texas Constitution. They argue that they presented evidence raising a material fact issue regarding whether they had a reasonable opportunity to discover the cause of action within two years from Kevin's emergency room visit. They assert that a ten month time period elapsed between discovery of the wrong and filing of suit and contend that is not an unreasonable time.

**Standard of Review**

We review the trial court's decision to grant summary judgment de novo. *Tex. Mun. Power Agency v. Pub. Util. Comm'n*, 253 S.W.3d 184, 192 (Tex. 2007). A defendant who moves for traditional summary judgment has the burden of showing that there is no genuine issue of material fact concerning one or more essential elements of the plaintiff's claims or plead and conclusively establish each essential element of any affirmative defense, establishing that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985).

A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense. *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). If the movant establishes that the statute of limitations bars the action, the nonmovant must then adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations. *Id*. Then, the movant must conclusively negate the tolling provision's application to show his entitlement to summary judgment. *Jennings v. Burgess*, 917 S.W.2d 790, 793 (Tex. 1996). Review of a summary judgment requires that the evidence presented by both the motion and the response be viewed in the light most favorable to the party against whom the judgment was rendered, crediting evidence favorable to that party if reasonable jurors could and disregarding all contrary evidence and inferences unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

2

**Applicable Law**

Texas law imposes a two year limitations period and abolished the discovery rule in health care liability claims. TEX. CIV. PRAC. & REM. CODE ANN. § 74.251 (West 2011); *Kimball v. Brothers*, 741 S.W.2d 370, 372 (Tex. 1987). When a plaintiff's cause of action accrues for limitations purposes under Section 74.251 is a question of law. *Chambers v. Conaway*, 883 S.W.2d 156, 159 (Tex. 1993). If the date the alleged tort occurred is ascertainable, limitations must begin on that date. *Shah v. Moss*, 67 S.W.3d 836, 841 (Tex. 2001).

The Texas Constitution guarantees that persons bringing common law claims will not unreasonably or arbitrarily be denied access to the courts. TEX. CONST. art. I, § 13. A statute that unreasonably or arbitrarily abridges a person's right to obtain redress for injuries another person's harmful act causes is an unconstitutional due course of law violation. *Shah*, 67 S.W.3d at 842. Consequently, our constitution's open courts provision protects a person from legislative acts that cut off a person's right to sue before there is a reasonable opportunity to discover the wrong and bring suit. *Id*. However, a plaintiff may not obtain relief under the open courts provision if he does not use due diligence and sue within a reasonable time after learning about the alleged wrong. *Id*. at 847.

**Analysis**

The O'Connors allege that the defendants committed negligence on May 25, 2008. Their original petition was filed on February 6, 2012, clearly outside the two year limitation period. The O'Connors argue that they did not know of the prior heart attack until March 29, 2011, almost a year after the limitations period ended. To trigger the open court's guarantee, it was the O'Connors' burden to raise a fact issue demonstrating that they did not have a reasonable opportunity to discover the alleged wrong before the limitations period expired. *See Shah*, 67 S.W.3d at 846-47.

In his affidavit, Kevin stated that he experienced increasingly worsening shortness of breath and lack of energy over the next several months after the emergency room visit. During that time period, he saw his family doctor. He apparently continued to experience similar problems because, in June 2010, he had a nuclear medicine stress test. The results of the test showed a "prior myocardial insult in the inferior wall and a substantial left ventricular systolic dysfunction." Further testing in November 2010 showed severe coronary artery disease, abnormal cardiac function, and significant left ventricular dysfunction. The second cardiologist,

seen in March 2011, confirmed that Kevin had previously had a heart attack and surmised that it occurred on May 25, 2008. The summary judgment evidence shows that the first time anyone told the O'Connors that Kevin likely had a heart attack on May 25, 2008, was outside the limitations period. However, the law does not ask for the date of actual knowledge or of a good guess. The open courts provision protects Kevin from a statute that cuts off his right to sue before he has a reasonable opportunity to discover the wrong. *Id*. at 842. The evidence shows that, in 2008, the O'Connors had a reasonable opportunity to discover that Kevin had been misdiagnosed on May 25, 2008, since he was experiencing symptoms and seeing a doctor in the "next several months" after the emergency room visit. Therefore, the open courts provision cannot apply to protect the O'Connors from having filed their suit too late. *See Ericson v. Roberts*, 910 S.W.2d 608, 613 (Tex. App.–Tyler 1995, no writ).

Even if the O'Connors had established a prima facie open courts violation, summary judgment was proper. If they established a prima facie open courts violation, the O'Connors were then required to show that diligence was used to bring suit within a reasonable time following the discovery of injury. *Shah*, 67 S.W.3d at 847. Although they argue that they did not have a reasonable opportunity to discover the wrong until March 2011, the record shows that, in addition to the several months of symptoms Kevin experienced in 2008, they had notice of pertinent facts in June 2010, but did not file suit until February 2012. The O'Connors have not explained why the information they obtained in June 2010 and November 2010 was not sufficient to lead to discovery of the wrong. Absent a valid explanation for delay that shows the plaintiff was exercising due diligence, at least a one year delay is likely to be considered unreasonable as a matter of law. *See id*; *O'Reilly v. Wiseman*, 107 S.W.3d 699, 707 n.13 (Tex. App.–Austin 2003, pet. denied). The O'Connors did not raise a fact issue establishing that they did not have a reasonable opportunity to discover the alleged wrong and bring suit within the limitations period or that they sued within a reasonable time after the 2010 testing. *See Shah*, 67 S.W.3d at 847. Thus, the open courts provision does not apply to save the O'Connors' time-barred negligence claim. *Id*.

The trial court did not err in granting the defendants' motions for summary judgment. *See Nixon*, 690 S.W.2d at 548. We overrule the O'Connors' sole issue.

4

## DISPOSITION

Having held that Texas Civil Practice and Remedies Code Section 74.251 bars the O'Connors' claims, and that they did not raise a fact issue to support their contention that the open courts provision saves their claims, we ***affirm*** the trial court's judgment.


## SAM GRIFFITH
Justice


Opinion delivered September 4, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

SEPTEMBER 4, 2013

NO. 12-12-00351-CV

**KEVIN O'CONNOR AND SAUNDRA O'CONNOR,**
Appellants
V.
**C. WINSTON BOLLINGER, M.D., DAWN BARNES, FNP; AND TENET
HEALTHCARE CORPORATION,**
Appellees

Appeal from the 145th District Court
of Nacogdoches County, Texas (Tr.Ct.No. C1228022)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellants, **KEVIN O'CONNOR and SAUNDRA O'CONNOR**, for which execution may issue, and that the decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*