Tehmina HUSAIN, M. D., Petitioner,

v.

Ilham KHATIB and Farouk
Khatib, Respondents.

No. 97–0910.

Supreme Court of Texas.

March 13, 1998.

Jonathan D.F. Nelson, Fort Worth, Petitioner.

Michael F. Felber, Fort Worth, for Respondents.

## OPINION

PER CURIAM.

The issue in this case is whether the court of appeals erred in holding that Ilham and

Farouk Khatib's medical malpractice claim was timely filed. Because the court of appeals measured the limitations period from the final date of treatment rather than from the ascertainable date of the alleged tort, we reverse and render judgment for Tehmina Husain.

Plaintiff Ilham Khatib visited defendant Dr. Tehmina Husain ("Husain"), a gynecologist, on December 5, 1989, complaining of a thickness in her left breast. Husain ordered a mammogram. On January 25, 1990, Husain told Khatib that the mammogram showed fibrocystic disease but not cancer. Husain referred Khatib to her husband, Dr. Asif Husain, for a second opinion, and he concurred in her diagnosis. On September 26, 1991, Husain examined Khatib's breasts during a consultation on an unrelated complaint. She did not order any tests at that time. On August 25, 1992, Husain examined Khatib's breasts and ordered a mammogram. The summary judgment evidence includes records from the radiology firm that performed Khatib's mammogram indicating that on September 3, 1992, the lab notified Husain that the results suggested cancer. Khatib testified that on September 8, 1992, Husain told her that her pap smear was not clear and would have to be redone, and further told her that she should meet with Dr. Asif Husain who would tell her about the mammogram results.

Khatib's attorney sent a written notice of her claim to Husain on May 26, 1993. On November 15, 1994, Khatib and her husband sued Husain, Dr. Asif Husain, the radiologist who interpreted the January 1990 mammogram, and his employer for medical malpractice. The trial court rendered summary judgment for all defendants based on limitations. The court of appeals reversed the summary judgment for Husain and affirmed the summary judgment for the remaining defendants. 949 S.W.2d 805. Husain filed a petition for review in this Court.

The Medical Liability and Insurance Improvement Act provides:

Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed. . . .

TEX.REV.CIV. STAT. ANN. art. 4590i, § 10.01. By sending a notice of claim, Khatib tolled the running of the two-year limitations period for 75 days. See id. § 4.01(c); De Checa v. Diagnostic Ctr. Hosp., Inc., 852 S.W.2d 935, 937–38 (Tex.1993). Thus, her suit was timely if the limitations period began on or after September 1, 1992.

Section 10.01 measures the limitations period from one of three dates: the date of the tort, the last date of the relevant course of treatment, or the last date of the relevant hospitalization. The court of appeals used the second of these three dates on the ground that the alleged negligence "occurred during an ongoing course of consultation with and treatment by Dr. Tehmina Husain concerning a lump in Mrs. Khatib's left breast." 949 S.W.2d at 810. The court further held that this course of treatment was completed on September 8, 1992, and that the suit was therefore timely filed. See id. at 810–11.

The statute does not permit a plaintiff to simply choose the most favorable of the three dates that section 10.01 specifies. See Bala v. Maxwell, 909 S.W.2d 889, 891 (Tex.1995). The purpose of the provisions for measuring limitations from the last date of treatment or hospitalization is to aid a plaintiff who was injured during a period of hospitalization or a course of medical treatment but has difficulty ascertaining the precise date of the injury. See Kimball v. Brothers, 741 S.W.2d 370, 372 (Tex.1987). In such a situation, the statute resolves doubts about the time of accrual in the plaintiff's favor by using the last date of treatment or hospitalization as a proxy for the actual date of the tort. But if the date of the negligence can be ascertained, then there are no doubts to resolve and limitations must be measured from the date of the tort. See id.

Here, the dates of Husain's alleged negligence are readily ascertainable. It is therefore immaterial whether Husain established a course of treatment for the lump in Khatib's breast. We need not decide wheth-

er any course of treatment ended on August 25, 1992, as Husain argues, or on September 8, 1992, as Khatib claims. It is also unimportant to our inquiry whether the tort is characterized as a failure to diagnose cancer or as an improper course of treatment based on a misdiagnosis of fibrocystic disease. Khatib's complaint is that Husain was negligent in not taking actions—mammograms, referrals to specialists, proper breast examinations—that would have led to earlier discovery of Khatib's cancer. Those events, or non-events, occurred on specific ascertainable dates: January 25, 1990, and September 26, 1991. On August 25, 1992, Husain ordered the mammogram that detected Khatib's cancer. Therefore, any negligence could only have occurred at the latest at the September 26, 1991, examination. *See Bala*, 909 S.W.2d at 891–92.

Because the last date on which Husain could have been negligent is September 26, 1991, and the Khatibs did not file this action until November 15, 1994, the statute of limitations bars their claim. Under Texas Rule of Appellate Procedure 59.1, without hearing oral argument, we grant Husain's petition for review, reverse the judgment of the court of appeals, and render judgment that plaintiffs take nothing.