COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-374-CV
 
RITA RATLIFF ROGERS, INDIVIDUALLY
                                               APPELLANT
AND AS THE ADMINISTRATOR OF THE
ESTATE OF JOHN NORMAN ROGERS,
DECEASED
V.
UNITED REGIONAL HEALTH CARE
                                                   APPELLEES
SYSTEM, INC. D/B/A WICHITA
GENERAL HOSPITAL, WICHITA
FALLS FAMILY PRACTICE RESIDENCY
PROGRAM A/K/A NORTH CENTRAL
TEXAS MEDICAL FOUNDATION, AND
MELENCIO FRANCISCO JUAN, M.D.
------------
FROM THE 78
TH
DISTRICT COURT OF WICHITA COUNTY
------------
OPINION
------------
Rita Ratliff Rogers, individually and as the administrator for the estate of
John Norman Rogers, appeals the trial court's summary judgment entered for
United Regional Health Care System ("the Hospital"), Wichita Falls
Family Practice Residency Program ("the Program"), and Melencio
Francisco Juan, M.D. ("Dr. Juan"). In three issues, Rogers contends
that the trial court erred in granting summary judgment based on the statute of
limitations, that the trial court erred in granting both a plea to the
jurisdiction and a motion for summary judgment for the Hospital, and that
summary judgment for the Hospital was not proper on other grounds raised by the
Hospital. We will affirm.
On April 18, 1997, John Rogers appeared at the Hospital's emergency room
complaining of flu-like symptoms and lower abdominal pain. He was treated by Dr.
Juan, a resident with the Program. Dr. Juan ordered blood tests, but was unable
to obtain a specimen. He also attempted to install an IV to rehydrate John, but
was unsuccessful. A urinalysis revealed that John was suffering from a urinary
tract infection. After consulting Drs. Maria Garcia and Reda Bestawrous, Dr.
Juan discharged John and prescribed medications for the infection, nausea, and
pain.
On April 21, John phoned Dr. Juan and informed him that he was still vomiting
and had persistent pain. Dr. Juan admitted him into the hospital and ordered a
complete blood work-up, a urinalysis, and a hemoglobin analysis. On April 22,
John was released with medication to treat his symptoms pending the results of
the blood tests. The test results later indicated that John had a high white
blood cell count.
In spite of the antibiotics prescribed for the urinary tract infection, the
pain and vomiting persisted. John returned to the Hospital on April 27. Because
Dr. Juan was not on duty, the emergency room staff sent him to the Bethania
hospital emergency room to consult with Dr. Juan. Dr. Juan ordered x-rays of his
lumbar spine and chest, which revealed a normal chest x-ray and degenerative
changes in the spine. Again, Dr. Juan prescribed pain medications and sent him
home.
On April 30, John went to the clinic for a follow-up appointment with Dr.
Juan. Dr. Juan immediately sent him to the Hospital for admission and further
examination. A CT scan revealed that John had a ruptured appendix. On May 1, Dr.
Fred Langner performed an appendectomy. Dr. Langner's operative report and
summary notes that the appendix was gangrenous and that there were multiple
abscesses that required the removal of a large amount of intra-abdominal fat and
tissue. Following surgery, John continued to require medical treatment until his
death on August 11, 1997.
On July 7, 1999, Rogers forwarded a notice of her potential claims under the
Texas Medical Liability Insurance Improvement Act to the Hospital. Then, on July
16, 1999, she filed suit alleging that the appellees' failure to timely and
properly diagnose John's appendicitis was the direct and proximate cause of his
death. The Hospital filed a plea to the jurisdiction claiming sovereign or
governmental immunity from suit and a motion for summary judgment based on
sovereign immunity, the statute of limitations, and a lack of evidence to show
that the Hospital had been negligent. Dr. Juan and the Program also moved for
summary judgment based on the statute of limitations. On October 25, 2002, the
trial court granted the Hospital's plea to the jurisdiction and dismissed the
claim against the Hospital with prejudice. The court also granted summary
judgment for each of the appellees, including the Hospital.
A defendant is entitled to summary judgment on an affirmative defense if the
defendant conclusively proves all the elements of the affirmative defense. KPMG
Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex.
1999). To accomplish this, the defendant-movant must present summary judgment
evidence that establishes each element of the affirmative defense as a matter of
law. Ryland Group, Inc. v. Hood, 924 S.W.2d 120, 121 (Tex. 1996).
In her first issue, Rogers contends that the suit was not barred by the
two-year statute of limitations. See Tex. Rev. Civ. Stat. Ann. art.
4590i, § 10.01 (Vernon Supp. 2003). Specifically, she alleges that the date the
negligence occurred is not ascertainable because it occurred during a continuing
course of treatment, which started on April 18, 1997, when John first consulted
appellees, and continued until August 17, 1997, when John died. Therefore, she
contends that the statute of limitations did not begin to run until August 17,
1997, the last date of the course of treatment. We disagree.
Section 10.01 of the Texas Medical Liability and Insurance Improvement Act
("the Act") measures the limitations period from one of three dates:
(1) the date of the tort; (2) the last date of the relevant course of treatment;
or (3) the last date of the relevant hospitalization. Id.; Husain
v. Khatib, 964 S.W.2d 918, 919 (Tex. 1998). Although section 10.01
specifies three possible dates, the Supreme Court of Texas has repeatedly held
that a plaintiff may not simply choose the most favorable of the three dates. See
Earle v. Ratliff, 998 S.W.2d 882, 886 (Tex. 1999); Husain, 964
S.W.2d at 919; Bala v. Maxwell, 909 S.W.2d 889, 891 (Tex. 1995). If the
date of the negligence can be ascertained, limitations must be measured from the
date of the tort, and the plaintiff's claim that the defendant established a
course of treatment is immaterial. Husain, 964 S.W.2d at 919; Karley
v. Bell, 24 S.W.3d 516, 520 (Tex. App.--Fort Worth 2000, pet. denied).
The purpose of the provisions for measuring limitations from the last date of
treatment or hospitalization is to aid a plaintiff who was injured during a
period of hospitalization or a course of medical treatment, but has difficulty
ascertaining the precise date of injury. Kimball v. Brothers, 741
S.W.2d 370, 372 (Tex. 1987). In that situation, the statute resolves doubts
about the time of accrual in the plaintiff's favor by using the last date of
treatment or hospitalization as a proxy for the actual date of the tort. Id.
When, however, a physician fails to diagnose a condition, the continuing nature
of the diagnosis does not extend the tort for limitations purposes. Rowntree
v. Hunsucker, 833 S.W.2d 103, 108 (Tex. 1992). While the failure to treat a
condition may well be negligent, the failure to establish a course of treatment
does not constitute a course of treatment. Id. at 105-06.
In this case, the dates of the alleged negligence are readily ascertainable.
Rogers's suit was merely based on her contention that appellees were negligent
in failing to take actions that would have led to the earlier discovery and
treatment of John's appendicitis--specifically, failing to correctly read and
interpret the EKG, urine samples, x-rays, and blood samples; failing to make a
proper referral to a physician more qualified to diagnose the condition; failing
to utilize diagnostic tests and equipment necessary to diagnose and treat the
condition; and failing to act in accordance with the generally accepted standard
of care. This negligence could only have occurred on the dates that appellees
treated John before he was properly diagnosed: April 18, 21, and 27, 1997. See
Bala, 909 S.W.2d at 892 (concluding that doctor could have breached the
duty to perform additional tests only when he examined patient); Rowntree,
833 S.W.2d at 108 (holding that doctor could have breached duty to perform
proper examinations only on those occasions when he had opportunity to perform
such examinations); Karley, 24 S.W.3d at 520 (same). On April 30, 1997,
Dr. Juan sent John to the Hospital for further tests, and on May 1, 1997, the CT
scan detected John's appendicitis. Therefore, any negligence could only have
occurred at the latest on April 27, 1997.
Contrary to Rogers's argument on appeal, the record contains no allegations
or evidence that the appellees were negligent in their treatment of John after
he was properly diagnosed with appendicitis. After reviewing all of John's
medical records, Rogers's own expert even acknowledged that he had no criticism
of the appellees' treatment of John after he was correctly diagnosed. Therefore,
Rogers is not entitled to use the last date of the relevant course of treatment
as the beginning date for the statute of limitations. See Bala, 909
S.W.2d at 892; Rowntree, 833 S.W.2d at 108; Karley, 24 S.W.3d
at 520-21.
Because the last date on which appellees could have been negligent is April
27, 1997, and Rogers did not file this action until July 16, 1999, the two-year
statute of limitations bars her claim. See Tex. Rev. Civ. Stat. Ann.
art. 4590i, § 10.01. In addition, because she filed her claim after the statute
of limitations had already expired, she is not entitled to use the tolling
provision in section 4.01(c), which tolls the statute of limitations for
seventy-five days if the plaintiff provides notice of the claim to the health
care provider at least sixty days before filing suit. Id. § 4.01(a); De
Checa v. Diagnostic Ctr. Hosp., Inc., 852 S.W.2d 935, 938 n.4 (Tex. 1993)
(stating that notice cannot toll a limitations period that has already elapsed).
Therefore, we conclude that summary judgment was proper.(1)
Accordingly, we affirm the trial court's judgment.
 
                                                           JOHN
CAYCE
                                                           CHIEF
JUSTICE
 
PANEL A: CAYCE, C.J.; DAY and HOLMAN, JJ.
DELIVERED: May 15, 2003

1. In her second issue, Rogers complains that the trial
court erred in granting both a plea to the jurisdiction and a motion for summary
judgment for the Hospital. Rogers, however, does not contend that the plea to
the jurisdiction was improper. Therefore, we affirm the trial court's judgment
for the Hospital on this basis rather than on the summary judgment. See Tex.
Dep't of Transp. v. City of Sunset Valley, 92 S.W.3d 540, 546 (Tex.
App.--Austin 2002, no pet.) (op. on reh'g). In light of this holding, we need
not address Rogers's remaining complaints on appeal. See Tex. R. App.
P. 47.1.