Opinion filed December 14, 2006

















 
 
  
 
 







 
 
  
 
 




Opinion filed December 14, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00294-CV

                                                    __________

 

                      DOROTHA HUTCHINSON AS NEXT FRIEND OF 

RELA MAE KUHL, Appellant

 

                                                             V.

 

             DR.
NED SNYDER, III AND MOLLY G. SNYDER-WILLIAMS 

AS ADMINISTRATORS FOR THE ESTATE OF 

DR. NED SNYDER, JR., Appellees

 



 

                                          On
Appeal from the 35th District Court

 

                                                          Brown County, Texas

 

                                                Trial
Court Cause No. 01-10-556

 



 

                                              M
E M O R A N D U M   O P I N I O N

 








This is an appeal from a take-nothing summary
judgment based upon limitations. 
Defendants Dr. Ned Snyder, III and Molly G. Snyder-Williams as
Administrators for the Estate of Dr. Ned Snyder, Jr. moved for summary judgment
based upon the two-year statute of limitations applicable to health care
liability claims.  See former Tex. Rev. Civ. Stat. art. 4590i, ' 10.01 (1997), (repealed  August 31, 2003) (current version at Tex. Civ. Prac. & Rem. Code Ann. ' 74.251(a) (Vernon 2005)).  The trial court granted the motion and
entered judgment that Dorotha Hutchinson as next friend of Rela Mae Kuhl take
nothing on her claims.  We affirm.  

Hutchinson
presents three points of error challenging the propriety of the summary
judgment.  We will apply the
well-recognized standard of review for summary judgment.  A trial court must grant a traditional motion
for summary judgment if the moving party establishes that no genuine issue of
material fact exists and that the movant is entitled to judgment as a matter of
law.  Tex.
R. Civ. P. 166a(c); Lear Siegler, Inc. v. Perez, 819 S.W.2d 470,
471 (Tex.
1991).  Once the movant establishes a
right to a summary judgment, the nonmovant must come forward with evidence or
law that precludes summary judgment.  City
of Houston v. Clear
Creek Basin
Auth., 589 S.W.2d 671, 678‑79 (Tex.
1979).  When reviewing a summary
judgment, the appellate court takes as true evidence favorable to the
nonmovant.  Am. Tobacco Co. v.
Grinnell, 951 S.W.2d 420, 425 (Tex.
1997); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548‑49 (Tex. 1985).

In the first point, Hutchinson contends that the defendants
failed to accurately identify a date of accrual and that limitations had not
expired under the Acourse of
treatment@ doctrine.  Pursuant to former Article 4590i, section
10.01, a health care liability claim must be filed within two years from the
occurrence of the breach or tort or from the date the medical or health care
treatment or hospitalization is completed. 
The two-year limitations period applies to all persons regardless of
minority or other legal disability.  The
supreme court has determined that Article 4590i, section 10.01 Ameasures the limitations period for
medical negligence claims from one of three dates:  (1) the occurrence of the breach or tort, (2)
the last date of the relevant course of treatment, or (3) the last date of the
relevant hospitalization.@  Shah v. Moss, 67 S.W.3d 836, 841 (Tex. 2001).  A plaintiff may not choose the most favorable
date that falls within former Article 4590i, section 10.01=s three categories.  Id.; Husain
v. Khatib, 964 S.W.2d 918, 919 (Tex.
1998).  Rather, if the date of the tort
is ascertainable, limitations must begin on that date B
making further inquiry into the second and third categories unnecessary.  Shah, 67 S.W.3d at 841; Earle v.
Ratliff, 998 S.W.2d 882, 886 (Tex.
1999); Husain, 964 S.W.2d at 919.








The record shows that the original petition was
filed on October 22, 2001.  The summary
judgment evidence indicates that Dr. Snyder, Jr. treated Kuhl while she was a
resident in a nursing home.  According to
the expert report of Donald K. Ellis, DO, Kuhl was a patient of Dr. Snyder from
November 13, 1992, through September 15, 1999. 
Dr. Ellis concluded that Dr. Snyder=s
care of Kuhl fell below the acceptable standards of care in that he failed to
diagnose and treat Kuhl=s
diabetes mellitus until June 29, 1999, when Kuhl was hospitalized.  According to Dr. Ellis, Dr. Snyder=s negligent care caused Kuhl to have to
undergo bilateral leg amputations.  Dr.
Ellis opined that Kuhl had diabetes mellitus by May 1995 and that, based upon
Kuhl=s glucose
and triglyceride levels, Dr. Snyder should have ordered a diabetic workup and
thereby diagnosed Kuhl=s
condition years earlier than he did.  Dr.
Ellis=s report
does not indicate that Dr. Snyder=s
negligence continued beyond the June 29, 1999 date of diagnosis.

Hutchinson
filed a response to the motion for summary judgment and attached the affidavit
of Dana L. Berger, RN.  In her affidavit,
Berger suggested that Kuhl continued to receive substandard care from Dr. Snyder
in his treatment of her diabetes after it was diagnosed.  However, we may not consider Berger=s affidavit as summary judgment
evidence because the trial court sustained the defendants= objections to each paragraph of that
affidavit.  Hutchinson does not complain on appeal that
the trial court=s ruling
with respect to Berger=s
affidavit was erroneous.

Relying on the supreme court=s opinion in Husain, we hold
that the summary judgment evidence in this case shows that the date of the tort
is readily ascertainable.  Dr. Ellis=s affidavit indicates that the
diagnosis of diabetes mellitus was made on June 29, 1999, and that treatment
began on that date; it does not indicate that any negligence occurred beyond
that date.  Thus, the last date that Dr.
Ellis could have failed to diagnose or treat Kuhl=s
diabetes was on June 29, 1999.  The
original petition in this case was filed on October 22, 2001 B more than two years and 75 days[1]
after June 29, 1999.  Therefore, the
trial court correctly determined that limitations barred the commencement of
suit in this case.  Hutchinson=s
first point of error is overruled.

In her second point, Hutchinson contends that the application of
the two-year statute of limitations as applied in this case is unconstitutional
under the open courts doctrine.  Tex. Const. art. I, ' 13. 
Hutchinson
asserts that Kuhl=s mental
incompetence throughout her treatment by Dr. Snyder makes the application of
limitations unconstitutional.








When a plaintiff/nonmovant relies upon the open
courts doctrine to avoid the application of the statute of limitations, the
plaintiff/nonmovant must raise a fact issue with respect to the open courts
doctrine.  Shah, 67 S.W.3d at
846-47; Earle, 998 S.W.2d at 889. 
The record shows that Hutchinson
pleaded the open courts doctrine in her amended petitions.  The record also shows, however, that Hutchinson did not rely
on or mention the open courts doctrine in her response to the defendants= motion for summary judgment.  A nonmovant must expressly present any
reasons for avoiding the movant=s
right to summary judgment.  McConnell
v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex.
1993); Clear
 Creek Basin,
589 S.W.2d at 678.  Rule 166a(c)
specifically provides that A[i]ssues
not expressly presented to the trial court by written motion, answer or other
response shall not be considered on appeal as grounds for reversal.@ 
Consequently, pursuant to Rule 166a(c), we may not consider Hutchinson=s contention regarding the open courts
doctrine.  Hutchinson=s
second point of error is overruled.

In her final point, Hutchinson contends that the trial court
erred in granting summary judgment based upon the alleged failure to timely
serve the defendants.  We need not consider
the merits of this point of error as we have assumed that service of the
original petition upon the defendants was timely.  See Tex.
R. App. P. 47.1.

The judgment of the trial court is affirmed.  

 

AUSTIN McCLOUD

SENIOR JUSTICE

 

December 14, 2006

Panel
consists of:  McCall, J.,

Strange,
J., and McCloud, S.J.[2]











[1]Limitations is tolled for 75 days when proper notice of
the claim is given.  See former Tex. Rev. Civ. Stat. art. 4590i, ' 4.01(c) (1997) (repealed August 31, 2003) (current
version at Tex. Civ. Prac. & Rem.
Code Ann. ' 74.051 (Vernon 2005)) . There was summary judgment
evidence showing that such notice was given in this case.





[2]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.