**Opinion issued January 10, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-11-00827-CV

———————————

**ADRIANA WEATHERS, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF LLOYD R. WEATHERS, DECEASED, Appellant**

**V.**

**DR. ALBERT LOPEZ, M.D. AND ST. LUKE'S EPISCOPAL HOSPITAL, Appellees**

---

**On Appeal from the 281st District Court**
**Harris County, Texas**
**Trial Court Case No. 2010-80724**

---

**MEMORANDUM OPINION**

In this appeal, we consider whether the trial court erred in granting a doctor's and hospital's motions for summary judgment, which were based on the statute of limitations. We affirm.

## BACKGROUND

On September 24, 2008, Dr. Albert Lopez performed a catheter ablation procedure on Lloyd Weathers at St. Luke's Episcopal Hospital. During the operation, Weathers apparently suffered a stroke, which was not discovered until later that day while in the recovery room. Although Weathers initially showed some improvement on September 25th, on September 26th his condition worsened and he had to undergo an emergency decompressive hemicranectomy to relieve the swelling on his brain. On September 30, 2008, Weathers died. Appellant, the respresentative of Weathers's estate, filed suit against Dr. Lopez and St. Luke's two years and 77 days later.

All of the alleged acts of negligence concern acts taken by the defendants either prior to the surgery or in the immediate post-surgery period on September 24th. Specifically, the petition alleged that Dr. Lopez may have been negligent in (1) prescribing too heavy an anesthesia, (2) ordering Weathers to stop taking blood thinners before surgery, (3) leaving the hospital and not being present when Weathers came out from anesthesia, (4) failing to timely diagnose a stroke, and (5) failing to initiate clot-busting procedures that are standard when a stroke is not

2

unexpected. The petition alleged that St. Luke's was similarly negligent and should have provided hospital staff sufficient to diagnose Weathers's stroke in a timely manner. The petition also alleges that hospital staff should have heeded the plaintiff's warnings, and those of her son-in-law, both of whom felt that Weathers may have been having a stroke or clot while in the recovery room.

Dr. Lopez and St. Luke's filed motions for summary judgment, contending that the applicable statute of limitations had expired before appellant filed suit. The trial court granted the motions for summary judgment, and this appeal followed.

## STATUTE OF LIMITATIONS

In her first issue on appeal, appellant contends the trial court erred in granting the defendants' motions for summary judgments on the grounds of limitations. Specifically, she argues that the date the tort occurred was not "readily ascertainable" until Weathers died on September 30th, or at the earliest, when his condition began to deteriorate on September 26th.

### *Standard of Review*

The summary-judgment movant must conclusively establish its right to judgment as a matter of law. *See MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986). Because summary judgment is a question of law, we review a trial court's

summary judgment decision de novo. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

To prevail on a traditional summary-judgment motion, asserted under Rule 166a(c), a movant must prove that there is no genuine issue regarding any material fact and that it is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Little v. Tex. Dep't of Criminal Justice*, 148 S.W.3d 374, 381 (Tex. 2004). A defendant moving for traditional summary judgment must either (1) disprove at least one element of the plaintiff's cause of action or (2) plead and conclusively establish each essential element of an affirmative defense to rebut the plaintiff's cause. *See IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004). It is an affirmative defense to assert that a claim is barred by the statute of limitations. TEX. R. CIV. P. 94. Accordingly, defendants had the burden of establishing as a matter of law that the limitations period had expired on appellant's claims. *See Rowntree v. Hunsucker*, 833 S.W.2d 103, 104 (Tex.1992). This includes establishing when the causes of action accrued. *See id.* at 106.

A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *See City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005). In our review, we take the nonmovant's competent evidence as true, indulge every reasonable inference in favor of the nonmovant,

and resolve all doubts in favor of the nonmovant. *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005).

### *Applicable Statute of Limitations on Health Care Liability Claims*

A health-care-liability claim has a two-year limitations period. TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(a) (Vernon 2005). The statute tolls the limitations period for 75 days if the claimant notifies the physician of the claim against the physician in the manner that Chapter 74 requires. *Id.* § 74.051(c) (Vernon 2005); *Rubalcaba v. Kaestner*, 981 S.W.2d 369, 373 (Tex. App.—Houston [1st Dist.] 1998, pet. denied); *see Rowntree*, 833 S.W.2d at 108. Thus, the longest limitation period available to a plaintiff is 2 years and 75 days.

The two-year limitations period imposed by section 74.251 of the civil practice and remedies code is measured from one of three dates: (1) the occurrence of the breach or tort; (2) the date that the relevant course of treatment was completed; or (3) the last date of the relevant hospitalization. TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(a); *Shah v. Moss*, 67 S.W.3d 836, 841 (Tex. 2001); *Kimball v. Brothers*, 741 S.W.2d 370, 372 (Tex. 1987). A medical malpractice claimant may not choose from among the measurement that most favors her case. *Shah*, 67 S.W.3d at 841. If the date of the breach or tort is ascertainable, limitations began to run on that date, and inquiries into the second and third categories are not

necessary. *See Shah*, 67 S.W.3d at 841 (citing *Earle v. Ratliff*, 998 S.W.2d 882, 886 (Tex. 1999)).

***Whether the Date of the Alleged Negligence is Ascertainable***

First, we must determine whether the date of the alleged negligence is ascertainable. *See Shah*, 67 S.W.3d at 841; *see also Winston v. Peterek*, 132 S.W.3d 204, 207 (Tex. App.—Houston [14th Dist.] 2004, pet. denied). If the defendant committed the alleged tort on an ascertainable date, whether the plaintiff established a course of treatment is immaterial because limitations begins to run on the ascertainable date. *See Husain v. Khatib*, 964 S.W.2d 918, 919 (Tex. 1998); see *also Shah*, 67 S.W.3d at 841. If the date the health care provider's alleged negligence took place can be ascertained, then there are no doubts to resolve, and we must measure limitations from that date. *Husain*, 964 S.W.2d at 919.

The defendants argued and presented summary judgment evidence that the date of the tort was readily ascertainable—September 24, 2008—the date on which the surgery took place, the stroke occurred, and the stroke was finally diagnosed. Two years and 75 days from that date would have been December 8, 2010. However, appellant's suit was not filed until December 10, 2010.

However, appellant contended that "[t]he date the full tort occurred (negligence plus injury) as a matter of law was not "readily ascertainable" until the date of Mr. Weathers [sic] death on September 30, 2008, or, at the very earliest, on

6

September 26, 2008, when Mr. Weathers started getting worse and a left decompressive hemicraneectomy became necessary."

We agree with the defendants and the trial court that the date of the negligence alleged in this case was readily ascertainable. All of the acts of negligence alleged involve presurgical matters or the failure to promptly diagnose the stroke during the initial recovery period. It is undisputed that all of those events, including the ultimate diagnosis of a stroke, occurred on the same date— September 24, 2010.[1]

Because the date in which the alleged negligence occurred is ascertainable, and because appellant did not file suit until more than two years and 75 days after that date, appellant's negligence claims are barred. *See Chambers v. Conaway*, 883 S.W.2d 156, 159 (Tex. 1993) (holding that when a claim accrues is a question of law, not one of fact); *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990) (noting that, for purposes of the application of limitations statutes, a cause of action generally accrues when the wrongful act effects an injury, regardless of when the plaintiff learned of the injury; *see also Rodriguez v. Mem'l Med. Ctr.*, No. 13-06-162-CV, 2007 WL 4111947, at *2 (Tex. App.—Corpus Christi Nov. 20, 2007, no pet.) (mem. op.) (concluding that the date of the surgery when a

---

[1] We note that plaintiff's Original Petition alleged that the surgery and stroke diagnosis occurred on September 28, 2010. However, in response to the summary judgment and on appeal, appellant concedes that the proper date of those events is September 24, 2010.

sponge was left in plaintiff's body was ascertainable, and appellant's suit was time-barred because it was filed approximately twenty-seven months after the surgery). The fact that Weathers continued to receive treatment in the hospital until the day he died is irrelevant because all negligence claims are based on the events of September 24, 2010, not on any of the further treatments. *See Rubalcaba*, 981 S.W.2d at 372 ("Treatment following surgery does not extend the statute of limitations when the complaint concerns the initial surgical procedure.").

We overrule issue one.

### *Application of Craddock v. Sunshine Bus Lines*

In her second issue on appeal, appellant contends that, if her suit is barred by limitations, we should nonetheless extend the time for its filing because "the courts of Texas have the power to grant equitable relief to a party who, by reason of a good faith mistake, would be prejudiced and 'lose their right to have their day in court such as the party missing some deadline that causes their case to be dismissed.'" In support, appellant cites *Craddock v. Sunshine Bus Line*, 133 S.W.3d 124 (Tex. 1939). However, *Craddock* provides equitable relief from a default judgment under certain conditions. *Id.* It has never been used in Texas to extend a statute of limitations.

We overrule issue two.

## CONCLUSION

We affirm the trial court's judgment.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.